Case 4:14-cv-00010-A Document 10 Filed 04/08/14 Page 1 of 10 PageID 69



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR - 8 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:14-CV-010-A |
| | § | (NO. 4:11-CR-103-A-(01)) |
| CHRISTOPHER T. KING | § | |
| | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Christopher T. King ("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the record, the government's response,[1] and applicable legal authorities,[2] the court concludes that the motion should be denied.

I.

Background

On August 12, 2011, movant pleaded guilty to receipt of visual depictions of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) & (b)(1). On November 23, 2011, the court sentenced movant to a term of

___

[1] Prior to filing its response, the government filed a motion to dismiss without prejudice. However, the government later moved to withdraw the motion to dismiss, and then filed its response. Accordingly, the court considers the government's motion to dismiss to be moot.

[2] As of the date this memorandum opinion and order is signed, movant has filed nothing in reply to the government's response. According to the court's order signed on January 7, 2014, the deadline for filing such a reply was February 18, 2014.

imprisonment of 240 months, to be followed by a supervised release term of life. Movant appealed, but his attorney moved for leave to withdraw under Anders v. California, 386 U.S. 738 (1967), contending that there were no nonfrivolous issues for appellate review, and the Fifth Circuit dismissed movant's appeal. United States v. King, 501 F. App'x 330, 331 (5th Cir. 2012). Movant did not seek certiorari review. He timely filed his § 2255 motion on January 6, 2014.

II.

Grounds of the Motion

Movant identified four grounds for relief in his motion: (1) judicial misconduct; (2) Title 18 is unconstitutional; (3) ineffective assistance of appellate counsel; and (4) denial of right to direct appeal.

III.

Analysis

A. Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed

2

final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

B. None of Movant's Grounds Has Merit

1. Judicial Misconduct

In his first ground for relief, movant makes several claims of judicial misconduct on the part of the undersigned. However, movant's claims are vague and conclusory and fail to rise to the level of a constitutional violation. First, movant asserts that the undersigned "publicly proclaimed his prejudice and bias on national television (60 Minutes)," Mot. at 5, but he does not identify what statements were made, what bias or prejudice those statements showed, or how movant's criminal case was affected by

3

any prejudice or bias.[3] Likewise, movant alleges that the undersigned "blatantly violated the Judicial Code of Conduct, Constitution, 'Neutral Arbit R' requirement, and a multitude of case law," id., but fails to identify which parts of the Judicial Code of Conduct or Constitution, or exactly which laws, he believes the undersigned has violated, and movant has failed to identify any specific actions by the undersigned that might have constituted a violation. Movant also contends that the undersigned disregarded mitigating factors, but movant does not indicate which factors he believes were disregarded other than community support, and the transcript for movant's sentencing shows that the undersigned specifically noted the support demonstrated for movant. Further, movant's statements that the undersigned "disrupted attorney (preventing arguments)" and that "daughter died of drug overdose abuse" are similarly without specificity or factual support.

Finally, movant contends that his sentence was based on non-empirical data. However, movant fails to identify any non-empirical data he believes was used in his sentencing. Also, to whatever extent movant is claiming that some guideline provision was not empirically based, such argument is foreclosed in the

---

[3] The undersigned has never appeared on any television program.

4

Fifth Circuit. See United States v. Mondragon-Santiago, 564 F.3d 357, 366-67 (5th Cir. 2009); see also United States v. Camero-Renobato, 670 F.3d 633, 636 (5th Cir. 2012), as revised (Feb. 17, 2012). Accordingly, movant's first ground provides him no relief.

2. Constitutionality of Title 18

In his second ground, movant claims that Title 18 is unconstitutional due to various alleged defects related to its passing and enactment. However, this claim is meritless and has been rejected by the Fifth Circuit Court of Appeals and numerous other district courts. See United States v. Leyva, No. 06-11172, 2007 WL 3230321, at *1 (5th Cir. Oct. 31, 2007)(per curiam); See e.g., Comer v. United States, No. 3:09-CV-1261-N-BH, 2009 WL 5033924, at *3 (N.D. Tex. Dec. 18, 2009) (accepting findings, conclusions, and recommendation); Cavender v. Doe, No. 5:11-CV-73-DCB-RHW, 2011 WL 3625362, at *3 (S.D. Miss. Aug. 17, 2011); Liner v. Doe, No. 5:11-CV-72-DCB-JMR, 2011 WL 3648476, at *1 (S.D. Miss. Aug. 16, 2011). Therefore, movant's second ground for relief fails.

3. Ineffective Assistance of Counsel

In his third ground for relief, movant claims that his appellate counsel was ineffective due to a "no contact order by attorney except mail" and that his "attorney blatantly caused

5

defendant to lose his direct appeal rights due to filing an Anders' brief as a direct appeal." Mot. at 7-8.

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686)). In the context of a guilty plea, prejudice requires movant to show there is a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59

6

(1985). Judicial scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

Movant's claim that an "effectively no-contact order prevented [movant] from stating issues he wanted presented" in his appeal, Mot. at 7-8, is too vague and conclusory to demonstrate ineffective assistance of counsel. See Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."). Movant does not identify any specifics concerning the "non-contact order" or how it prevented him from presenting any issues in his appeal.

Further, movant did file a direct appeal. However, movant's attorney determined that there were no legally nonfrivolous issues for appeal and moved for permission to withdraw from further representation pursuant to Anders v. California, 386 U.S. 738, (1967). The Fifth Circuit agreed with movant's attorney and dismissed the appeal. King, 501 F. App'x at 331. To demonstrate ineffective assistance of counsel based on his appellate counsel's failure to file a merits brief, movant must show that his "counsel unreasonably failed to discover nonfrivolous issues

and to file a merits brief raising them" and that "but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." Smith v. Robbins, 528 U.S. 259, 285 (2000).

Movant has failed to identify any nonfrivolous issues that a reasonably competent attorney would have discovered. As explained above, movant's argument that Title 18 is unconstitutional is frivolous, and his allegations of judicial misconduct are too vague and conclusory to show that a reasonably competent attorney would have considered them nonfrivolous. Further, movant has pleaded nothing to show that he would have prevailed on his appeal but for his counsel's failure to file a merits brief. Therefore, movant has failed to show that his appellate counsel was ineffective, and his third ground entitles him to no relief.

4. Right to Direct Appeal

Movant's fourth ground contends that his counsel's filing of an Anders brief caused movant to be denied his right to a direct appeal. However, "although . . . indigents generally have a right to counsel on a first appeal as of right, it is equally true that this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal." Smith, 528 U.S. at

278. Therefore, "an indigent defendant who has his appeal dismissed because it is frivolous has not been deprived of 'a fair opportunity' to bring his appeal." Id. As explained above, movant has not shown any nonfrivolous issues that should have been presented on appeal, so the filing of an Anders brief by his attorney and the subsequent dismissal of his appeal by the Fifth Circuit did not deprive him of his right to a direct appeal. Accordingly, movant's fourth ground for relief fails.

IV.

Order

Therefore,

The court ORDERS that the motion of Christopher T. King to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 8, 2014.

_____
JOHN McBRYDE
United States District Judge